UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
Ex. rel.
BEN BANE,

                    Plaintiff,

v.                                                                      Case no. 8:06-CV-467-T-24MAP

LIFE CARE
DIAGNOSTICS.[1]

                    Defendants.
_____/

## REPORT AND RECOMMENDATION

          BEFORE THE COURT is Defendant Life Care Diagnostics's motion for judgment on the

pleadings (doc. 72) and Relator's response thereto (doc. 78).[2]  Essentially, Life Care asserts that the

Court should enter judgment in its favor because the Relator's amended complaint fails to establish

subject matter jurisdiction, the Relator failed to plead compliance with 31 U.S.C. § 3730(b)(2) by

filing the required disclosure statement with the government, and the Relator failed to plead a cause

of action under 31 U.S.C. § 3729(a)(2).  After consideration, I find no merit in these assertions and

recommend the motion be denied.

_____

          [1]  On June 25, 2008, the district judge dismissed the Relator's claims against Lincare
Holdings, Inc. and Lincare, Inc. due to lack of subject matter jurisdiction based upon 31 U.S.C. §
3730(b)(5)'s first-to-file bar.  *See* Order, doc. 91.

          [2]  This matter was referred to the undersigned for a report and recommendation pursuant
to 28 U.S.C. § 636(b) by the district judge (doc. 90).

### A. Factual background

The crux of Bane's complaint is that Lincare, as oxygen provider, allegedly schemed with Life Care, a laboratory, to circumvent Medicare's framework by bundling a medically unnecessary procedure with a procedure certified by the patient's physician as medically necessary, causing Medicare to pay for medically unnecessary and redundant services.[3] *See* doc. 24, ¶¶ 27-30).  More particularly, the amended complaint alleges that Life Care conspired with Lincare to defraud the government by getting false or fraudulent claims allowed or paid.  Bane asserts that Lincare secured the physicians' authorizations necessary for Life Care to conduct oximetry testing, for which it would receive payment from Medicare, and altered said authorizations to include additional tests at Medicare's expense that were never prescribed by a doctor and in most, if not all instances, never performed this violating the FCA by submitting, or causing to be submitted, false claims to the government in violation of the Anti-Kickback Act.

### B. Discussion

Defendant Life Care contends that the Relator's amended complaint failed to properly plead a basis for subject matter jurisdiction.  Life Care purports that the statutes cited in the amended complaint, 31 U.S.C. §§ 3730(b) and 3732(a), do not confer subject matter jurisdiction, only personal jurisdiction.  As the Relator indicates, however, this Court has federal question jurisdiction under 28 U.S.C. § 1331 based upon the alleged False Claims Act violations codified at 31 U.S.C. § 3729 *et seq.  See* First Amended Complaint, doc. 24, ¶¶ 1, 3, 49, 51, 55, and 60.  *See also United*

---

[3] Fraudulent bundling of laboratory tests, is mixing unnecessary tests with reasonably necessary tests, and has been the subject of criminal prosecutions and *qui tam* actions under the False Claims Act.  *See United States v. Thurston*, 358 F.3d 51, 54 (1st Cir. 2004) (affirming conspiracy to defraud Medicare), judgment vacated, 543 U.S. 1097 (2005) (sentencing guidelines issues); *United States ex rel. Merena v. SmithKline Beecham Corp.*, 205 F.3d 97, 98-99 (3d Cir. 2000); *United States v. Shaw*, 113 F.Supp. 2d 152, 157 (D. Mass. 2000) (mail fraud and conspiracy to defraud Medicare and Anti-Kickback Act).

*States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1356 (11th Cir. 2006) (holding that district courts have federal question jurisdiction over False Claims Act cases under § 1331); *Lykins v. Pointer Inc.*, 725 F.2d 645, 646 (11th Cir. 1984) ("where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute").

Alternatively, Life Care purports that judgment on the pleadings is appropriate because the Relator failed to plead compliance with 31 U.S.C. § 3730(b)(2).  This section requires the relator to serve the government with a copy of the complaint and written disclosure of substantially all material evidence and information the relator possesses, and dictates that the complaint be filed in camera and remain under seal for at least sixty days and not be served on defendant until the court so orders.  Section 3730(b)(2), however, does not require a relator to plead compliance with its disclosure rules, and as applied it allows a relator to file suit *before* informing the government of the basis of the suit to avoid the risk of the government filing suit first and depriving the relator of his right to sue.  *See U.S. ex rel. Yannacopoulos v. General Dynamics*, 235 F.R.D. 661 (N.D. Ill. 2006).  Hence, finding no requirement that a relator plead compliance with 31 U.S.C. § 3730(b)(2), Life Care's argument for judgment on the pleadings in this regard fails.

Finally, Life Care asserts that the Relator's failure to identify an actual false record or statement submitted by Defendants requires entry of judgment on the pleadings.  This Court previously addressed this argument in its March 7, 2008, Order denying Life Care's motion to dismiss.  *See* doc. 68, pp. 10-11.  As the Court noted in its Order, the Relator  provided proof that a particular allegedly false claim was filed with the government by attaching to the complaint a "Respiratory Diagnostic Evaluation Request" authorizing both "a pulmonary study/ rest and exertion" and a "pulmonary study/ overnight exam" as well as other related documents for Mr.

Robert Sauer. *See* doc. 24, exhibits 4-7.

    *C. Conclusion*

    For these reasons, I recommend that Defendant Life Care's motion for judgment on the pleadings be denied.

    IT IS SO REPORTED in chambers this 3rd day of July, 2008.

                    MARK A. PIZZO
                    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

    Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d. 404 (5th Cir. 1982) (*en banc*).

cc:    Counsel of Record
        District Judge Susan C. Bucklew